UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN GILL,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br>DOCTOR HALKI, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00360-MMD-CSD<br><br>ORDER |

**I.   SUMMARY**

Pro se Plaintiff Kevin Gill, who is an inmate in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation of United States Magistrate Judge Craig S. Denney (ECF No. 51 ("R&R")) recommending the Court grant Defendants' motions for summary judgment (ECF Nos. 35, 41).[1] Gill objected to the R&R (ECF No. 52) ("Objection")) and Defendants responded to the Objection (ECF Nos. 53, 54). As further explained below, the Court overrules Gill's Objection and adopts the R&R in full.

**II.   DISCUSSION**

Gill filed a pro se civil rights complaint, which the court screened and allowed to proceed on a claim of Eighth Amendment deliberate indifference against Defendants John Halki, Mike Minev, and John Doe, later identified as Jessica Rambur. (ECF No. 3.) Gill alleged that following a neck surgery performed by Dr. Moore, he had follow-up appointments with Halki, who smelled of alcohol. (ECF No. 4 at 3.) Gill claimed that Halki went against all advice and recommendations of Dr. Moore, including by disregarding Gill's complaints about his ineffective pain medication, denying him physical therapy, and telling him not to worry because his pain would go away. (*Id.*)

---

[1] Gill responded to Defendants' motions. (ECF Nos. 44, 45 ("Responses").)

In his R&R, Judge Denney found that Gill cited to no case law nor could the court find case law to support the contention that Halki's alleged workplace inebriation establishes a constitutional violation. (ECF No. 51 at 11.) Accordingly, Judge Denney then assessed whether Halki's specific treatment decisions amounted to deliberate indifference, and, finding that they did not, he recommends granting summary judgment as to Halki. (*Id.*) Judge Denney recommends the Court grant summary judgment as to Defendants Rambur and Minev because he found no requisite causal connection for liability under section 1983. (ECF No. 51 at 15-16.)

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Gill filed his Objection.[2]

### A.    Defendant Halki

First, Gill objects to Judge Denney's recommendation as to Halki. Generously construed, Gill argues in his Objection that Halki violated his Eighth Amendment rights because Halki treated Gill while intoxicated, in violation of NRS § 636.306(1)(A). (ECF No. 52 at 2-3.) Gill raises additional objections previously raised in his Complaint, including that Halki's prescription of psychiatric medications and denial of physical therapy violated his Eighth Amendment rights. (ECF No. 52 at 5.)

The Court disagrees with Gill.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi*

---

[2]The Court incorporates by reference and adopts Judge Denney's recitation of Gill's allegations in the R&R.

*v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060. Even if Defendant Halki was allegedly intoxicated during Gill's follow up appointments, this alone would not constitute a constitutional violation. Moreover, the statutory provision Gill cites concerns actions of medical professionals that may result in disciplinary action or the denial of licensure. It does not, however, create a statutory cause of action for Gill's claim. *See* NRS § 636.306(1)(A).

Regarding Halki's treatment decisions, "typically, '[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.'" *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (quoting *Snow v. McDaniel*, 681 F.3d 978, 897 (9th Cir. 2012)). To show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation and internal quotation marks omitted).

Gill has not sufficiently raised a genuine issue of material fact in his Objection.[3] As to Halki's prescription of psychiatric medications, Gill argues that Halki inappropriately prescribed him Cymbalta, a psychiatric medication that is ineffective for pain treatment. (ECF No. 3-1 at 4.) However, the record indicates that Cymbalta is an appropriate medication for neuropathic pain like Gill suffered from. (ECF No. 41-6 at 7-8.) Moreover, when Gill reported that Cymbalta was giving him "bad thoughts" he was offered a different medication, which he refused. (ECF No. 41-6 at 471.) The record also shows that Gill has

---

[3]An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. Id. at 248.

a 35-year history of substance abuse issues and reported that he was unhappy that he was being refused a narcotic. (*Id.* at 409, 471.) As to the allegation that Halki refused to prescribe physical therapy against Dr. Moore's orders, the record shows that three-weeks post-surgery, Dr. Moore saw Gill for a follow-up appointment. (ECF No. 50-2 at 578.) Moore noted that "[w]e have told him we would hold off on physical therapy at this time" and would assess in one month's time whether Gill could begin physical therapy. (ECF No. 50-2 at 578.) There is no record that Halki personally deprived Gill of physical therapy.

Accordingly, the Court finds that Gill has failed to establish the existence of a genuine dispute of material fact as to the deliberate indifference claim relating to Defendant Halki.

### B.   Defendants Minev and Rambur

Gill objects that Defendants Minev and Rambur knew that Dr. Halki was in violation of state law after he filed his grievance and failed to act. (ECF No. 52 at 7.) He argues that both Defendants violated his rights because Halki should have been investigated for alcohol abuse in the workplace. (*Id.* at 9-10.)

The Court disagrees with Gill. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' A supervisor may be liable if the supervisor knew of the violations and failed to act to prevent them." *Snow*, 681 F.3d at 989 (internal quotations and citations omitted). However, as discussed *supra*, Halki's alleged intoxication, without more, does not give rise to a constitutional violation. The Court thus finds that Gill has failed to establish any genuine issue of material fact as to a constitutional violation as to Defendants Minev and Rambur.

Thus, the Court agrees with Judge Denney and will adopt the R&R in full.

### III.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Gill's objection (ECF No. 52) to Judge Denney's R&R is overruled.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 51) is adopted in full.

It is further ordered that Defendants' motions for summary judgment (ECF Nos. 35, 41) are granted.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 28th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE